# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2026

Lyle W. Cayce
Clerk

————————

No. 25-60003

————————

Kevin Brady,

*Petitioner*,

*versus*

Director, *Office of Workers' Compensation Programs, United States Department of Labor*; Texas Terminals, L.P.; Signal Mutual Indemnity Association, Limited,

*Respondents*.

————————————————————————

Petition for Review of an Order of the
Benefits Review Board
Agency No. 08-311459

————————————————————————

Before Southwick, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

This is a disability compensation case arising out of an injury Kevin Brady sustained while working for Texas Terminals, LP. In his petition for review, the only issue properly presented is whether there is substantial evidence to support the Benefits Review Board's (BRB) decision that Brady's average weekly wage was lower than his wage-earning capacity in the

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60003

suitable alternative employment identified by the agency, and thus that he is not entitled to compensation for permanent partial disability.

We have jurisdiction solely over an order from which the "person adversely affected" petitions for our review. 33 U.S.C. § 921(c). "[O]ur review of BRB decisions is limited to considering errors of law and ensuring that the Board adhered to its statutory standard of review, that is, whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." *Port Cooper/T. Smith Stevedoring Co. v. Hunter*, 227 F.3d 285, 287 (5th Cir. 2000); *see* 33 U.S.C. § 921(b)(3).

Kevin Brady filed a claim with the Department of Labor for compensation for injuries he suffered while working for Texas Terminals, LP, under the Longshoremen and Harbor Workers' Compensation Act (LHWCA), with initial hearings held in 2020. An Administrative Law Judge issued a decision and order in 2021, holding that, among other things, Brady was not entitled to compensation for his partial disability. Brady appealed to the BRB, which affirmed most of the issues presented to it but vacated the "ALJ's denial of partial disability benefits as he did not adequately address Claimant's pre-injury [average weekly wage (AWW)] and did not sufficiently determine whether Claimant sustained a compensable loss in his wage-earning capacity as a result of lost overtime wages (prior to his termination) in the suitable alternate employment that Employer provided." The BRB then remanded for the ALJ to perform that analysis.

After the ALJ ruled on remand that Brady was not entitled to compensation for partial disability because he suffered no loss in wage-earning capacity, the BRB affirmed. That 2024 BRB order is limited in scope, as it resolved only one question on the merits following its previous 2022 order: whether the ALJ had properly calculated Brady's AWW and thus concluded that Brady suffered no loss in wage-earning capacity. Brady

did not petition for review of the 2022 order, so that order was final on the issues it resolved. In its 2024 order, the BRB did not address many of the issues Brady disputed because it regarded those issues as law of the case and therefore barred.

Brady petitions here for review of the 2024 BRB order. The BRB's law-of-the-case and forfeiture holdings were certainly correct. The only issue for us to decide is whether the BRB's AWW calculation is supported by substantial evidence. Workers may be entitled to compensation for partial disability under the LHWCA when their AWW from before the accident exceeds their post-injury weekly wages in suitable alternate employment. 33 U.S.C. § 908(c)(21). The ALJ and the BRB conducted their analyses based on the wages reported by the Texas Workforce Commission. We must determine whether the decision to use that evidence to come to his AWW is supported by substantial evidence.

The statutory scheme dictates the use of different methods of determining the AWW depending on several factors. The factors include the number of days a week the worker generally worked, how long the employee had been employed and working for the employer, and whether the foregoing criteria could "reasonably and fairly be applied" in a particular case. 33 U.S.C. § 910.

Brady challenges the method used to calculate his AWW. He argues that his AWW should be $651, what he made in the week before his injury, or $1,000, reflecting what he insists is what he made per week prior to his injury. The problem here is the uncertainty of Brady's income. We explain.

The BRB and the ALJ applied the methodology in Section 910(c), which governs AWW in scenarios where the method for generalizing a worker's weekly pay "cannot reasonably and fairly be applied." § 910(c); Based on the difficulties inherent in calculating Brady's AWW — including

periods of unemployment, an inconsistent employment history, the ALJ's determination that Brady was not credible, and the lack of evidence supporting his asserted 2016 earnings — the BRB concluded that the ALJ reasonably found that a combination of "blended earnings" from several different employers in the year prior to his injury "reasonably represent[ed] his annual earning capacity at the time of his injury."

Brady argues that using Section 910(c) was error. Instead, his AWW should be calculated according to Section 910(a) or (b): Section 910(a) is used when the employee worked in "such employment during substantially the whole of such year"; Section 910(b) is applicable if the employee was not in the same employment for substantially the whole year and it is possible for the Department of Labor to generalize the employee's "average daily wage or salary." § 910(a)–(c). Given the difficulties with generalizing Brady's weekly wages, the BRB did not err in approving the ALJ's use of multiple sources to calculate Brady's AWW. Further, there is no evidence in the record that supports the $1,000 figure.

The BRB's calculation of Brady's AWW as $402.19 does not fail substantial evidence review. The petition for review is DENIED.

All pending motions are accordingly DISMISSED as moot.